(No. 22955.—)
WILLARD SULLIVANT, Appellant, *vs.* THE HILLSIDE FLUOR SPAR MINES, Appellee.

*Opinion filed June 14, 1935.*

WERNER W. SCHROEDER, and DURFEE & HOLMES, for appellant.

SCOTT, MACLEISH & FALK, (JOHN J. YOWELL, of counsel,) for appellee.

Mr. JUSTICE HERRICK delivered the opinion of the court:

The plaintiff filed in the superior court of Cook county his amended complaint, consisting of six counts, under section 1 of the Occupational Diseases act, (Smith's Stat. 1933, chap. 48, par. 73, p. 1401; Cahill's Stat. 1933, chap. 48, par. 185, p. 1375;) to recover damages, charging that the plaintiff was employed in the defendant's fluorspar mine in Hardin county, this State; that fluorspar dust and silica dust filled the air in the mine; that the defendant was guilty of four distinct, willful violations of section 1 of the Occupational Diseases act; that as a direct result of such

willful misconduct the plaintiff contracted an affection of his pulmonary organs, the nature of which ailment, designated by various scientific names, was particularly set forth in the different counts.

At the time the suit was instituted the plaintiff demanded a jury. The defendant filed its motion to strike each count and to dismiss the amended complaint on the ground that the plaintiff's remedy was under the Workmen's Compensation act and that the court had no jurisdiction of the proceeding. · With this motion was filed the affidavit of Dr. Hollis E. Potter. After reciting his qualifications he stated that he had studied the technique and interpretation of X-rays in the determination of lung conditions and diseases, including conditions and diseases resulting from the breathing of dusts and the general subject of pneumoconiosis, including silicosis; that only dust containing substantial quantities of silicon dioxide or certain silicates, under certain specific conditions, causes a fibrosis that is disabling and that may be classified as a disease, and "that silicosis is due to irritation of the lungs by sharp particles of mineral matter has been entirely exploded by modern scientific research. * * * Silica in harmful quantities and under harmful conditions is a poisonous mineral substance and if a person has acquired a disabling occupational disease of the lungs from breathing dust, it is because of the toxic action of silica or certain combinations of silica known as silicates." The plaintiff filed a counter-motion to strike the affidavit of Dr. Potter and in the alternative to be permitted to file the affidavit of Dr. L. D. Dusch, and demanded that the issue of fact, if an issue of fact was made by the affidavits, be submitted to a jury. Dr. Dusch's affidavit, after reciting his qualifications, stated in substance that for fifteen years he had practiced among the fluorspar mines in Pope and Hardin counties. · The affidavit then proceeded to state: "Affiant further states that the illness and disease from which the

plaintiff suffers is in the opinion of this affiant due to the inhalation of dusts generated and given off in said fluorspar mines during the course of employment by the plaintiff, and that amongst other substances present in said dust are silica and fluorspar otherwise known and described as silica dioxide and calcium fluoride. Affiant further states that the said silica dioxide and calcium fluoride are not poisonous chemicals, minerals or substances and that as far as this affiant knows or believes no other poisonous chemicals, minerals or substances are present in said dust so given off in said work or process." The trial court permitted the filing of plaintiff's affidavit, refused to strike the affidavit of Dr. Potter, refused to submit the issues to a jury, held the case to be under the Workmen's Compensation act, and dismissed the amended complaint at the plaintiff's cost.

The plaintiff has appealed directly to this court and has assigned and argued two constitutional questions: (1) That upon the filing of the affidavit of Dr. Dusch, with the second demand by the plaintiff for a jury trial, it became the duty of the trial court to submit the issue to a jury, and its failure to do so was in direct violation of paragraph 3 of section 48 of the new Civil Practice act and in violation of section 5 of article 2 of our constitution; (2) that if section 2 of the Occupational Diseases act applies to the plaintiff's cause of action the Statute of Limitations applicable is six months under the Compensation act and two years on the action at law, and that such an interpretation of the Occupational Diseases act deprives the plaintiff of due process of law and impairs his property rights.

This court has held section 1 of the Occupational Diseases act unconstitutional in *Parks* v. *Libby-Owens-Ford Glass Co. ante,* p. 130, *Boshuizen* v. *Thompson & Taylor Co. ante,* p. 160, *Vallat* v. *Radium Dial Co. ante,* p. 407, and *Novarro* v. *Illinois Steel Co. ante,* p. 483. Inasmuch as the plaintiff could not maintain his cause of action based

on section 1 of the Occupational Diseases act for the reason that such section is unconstitutional, the questions as to whether he was entitled to a jury trial on the issues made in the trial court by the motions and affidavits and whether his cause of action is within the Workmen's Compensation act have become immaterial.

The judgment of the trial court in bar of the plaintiff's cause of action and for costs was correct and is therefore affirmed.

*Judgment affirmed.*